UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Jacksonville Division

CIVIL RIGHTS COMPLAINT FORM

Terrence Eduard Adderly #H06851

CASE NUMBER: 3:13-CV-1407-J-34JRK
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Matthew D. Clemons (Individual Capacity)
L.A. Messina (Individual Capacity)
Dr. Holstrom (Individual Capacity)

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

Trial By Jury & Money Damages, Injunction

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. PLACE OF PRESENT CONFINEMENT: Suwannee Correctional
(Indicate the name and location)
Institution, 5964 US Hwy 90, Live Oak, FL 32060

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions:</u>

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (✓)  No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status?  Yes ( )  No (✓)

      a. If so, did you go through the informal grievance, formal grievance and appeal process?  Yes ( )  No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

DC 225 (Rev. 9/03)                                            2

1. Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (✓) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 8th day of November, 2013.

_Terrence Adderley_
Signature of Plaintiff

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes (✓) No ( )

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? Informal, Formal, Appeal regarding L.A. Messina, Formal, Emergency Grievance, Appeal regarding Matthew D. Clemons.

2. What were the results? Response not relating to grievance fully on informal by L.A. Messina whom grievance was not meant for, Formal denied, Appeal Emergency grievance approved, Formal appealed both for investigation, Appeal returned without regarding Matthew D. Clemons

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 8th day of November, 2013.

*Terrence Adderley*
Signature of Plaintiff

DC 225 (Rev. 9/03)    4

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (✓)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?
Yes ( ) No (✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

    Plaintiff(s): N/A

    Defendant(s): N/A

2. Court (if federal court, name the district; if state court, name the county):
    N/A

3. Docket Number: N/A

4. Name of judge: N/A

5. Briefly describe the facts and basis of the lawsuit: N/A

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
    N/A

7. Approximate filing date: N/A

8. Approximate disposition date: N/A

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                                5

_____
_____
_____
_____
_____

V. **PARTIES:** In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Terrence Edward Adderly #H06851

Mailing address: Suwannee Correctional Institution 5964 US Hwy 90, Live Oak, FL 32060

B. Additional Plaintiffs: N/A

_____
_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Matthew D. Clemons

Mailing Address: Union Correctional Institution 7819 N.W. 228th St, Raiford, FL 32026-4000

Position: Sargent

Employed at: Union Correctional Institution

D. Defendant: L.A. Messina (was unable to obtain her first name)

Mailing Address: Union Correctional Institution 7819 N.W. 228th St, Raiford, FL 32026-4000

Position: Senior Mental Health Clinician

Employed at: Union Correctional Institution

E. Defendant: ~~[scribbled]~~ Dr. Holstrom (was unable to obtain First initial)
Mailing Address: Union Correctional Institution
7819 N.W. 228th St., Raiford, FL 32026-4000
Position: Licensed Psychologist/Mental Health Clinician
Employed at: Union Correctional Institution

F. Defendant: N/A
Mailing Address:

Position:
Employed at:

G. Defendant: N/A
Mailing Address:

Position:
Employed at:

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

The plaintiff's "Eighth Amendment" Rights under the constitution of The United States Of America were violated by the defendant's Matthew D. Clemons and L.A. Messina both Dr. Holstrom both acting/acted under the color of the state,

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)).

page 1 of 11

Plaintiff Terrence Adderly #H06851, is and was at all times mentioned herein a prisoner/mental health patient at Union Correctional Institution in the custody of the Florida Department Of Corrections. He is currently confined in a Mental Health Crisis Stabilization Unit at Suwannee Correctional Institution, in Live Oak, FL,

Defendant Matthew D. Clemons is a Correctional Sergeant of the Department Of Corrections of the State Of Florida who, at all times mentioned in this complaint, was assigned to Union Correctional Institution,

**Statement of Facts, continued:**

Defendant L.A. Messina is a Senior Mental Health Clinician Licensed Psychologist of the Department OF Corrections of the State OF Florida who, at all times mentioned in this complaint, was assigned to Union Correctional Institution.

Defendant Dr. Helstrom is a Mental Health Clinician Licensed Psychologist of the Department OF Corrections of the State of Florida who, at all times mentioned in this complaint, was assigned to Union Correctional Institution.

At all times relevant to this case, Plaint. Terrence Adderly was housed in the T.C.U. (Transition Care Unit) Mental Health facility building of Uniform Dormitory, Quad three, cell twelve upper (U3212) at Union Correctional Institution.

On June 25, 2013, Plaintiff Adderly signed up for recreational activities on Quad 3 of U-dorm. Shortly after Defendant Clemons accompanied by other rec. officers entered U-dorm Quad 3 to pull for rec. When Defendant Clemons arrived at cell# 3212 that which housed Plaintiff Adderly, Defendant Clemons told Plaintiff Adderly that his rec privileges were being denied cause Assistant Warden Rossiter said to "Never let me go out to recreation" cause Plaintiff Adderly was playing with his thing (slang for penis).

on the rec yard. That stemed from a misidentification of identity on 6-18-13 on the rec yard where psych specialist Hannah walked by the rec cages and went into Uniform Dorm and told Sergeant Nash someone in the last rec cages was masturbating off her as she walked by. Plaintiff Adderly was pulled off the rec yard by Sergeant Nash and unknown officer due to psych specialist Hannah's allegation. Darrell Jenkins # P30912 who was in the rec cage next to Plaintiff Adderly told Sergeant Nash it was him who comitted the offense and wrote a general affidavit admitting to commiting the offense [see Exibit A as support of Plaintiff's claim]

Later that day on June 25, 2013 apprxamitly 4:45pm Assistant Warden Rossiter who was conducting rounds on wing 3 of Uniform dormitory was stopped by Plaintiff Adderly whom informed him that the Defendant Clemons denied his recreational privileges due to Assistant Warden Rossiter saying so. He said he never spoke with defendant Clemons regarding taking my rec privileges. Darrell Jenkins # P30912 also informed the assistant warden he committed the offense of masturbating on the rec yard.

On June 26, 2013 Plaintiff Adderly used the prisoner grievance procedure available at Union Correctional Institution to try and solve the problem. Plaintiff Adderly presented the facts relating to this complaint [see Exibit B as support of Plaintiff's claim].

On June 28, 2013, Plaintiff Adderly was sent a response saying that the grievance was not accepted as an emergency grievance, and that the disciplinary report had not yet been heard [see Exibit C to support the Plaintiff's claim].

On June 30, 2013, Plaintiff Adderly resubmitted the facts relating to this complaintiff [see Exibit D as support of Plaintiff's claim].

On July 2, 2013, Plaintiff Adderly was sent a response saying grievance was not in accordance with chapter 33-103.014(R), disciplinary report had not yet been heard [see Exibit E as support of Plaintiff's claim]. Plaintiff Adderly was never served a D/R until almost a month in a half after the alleged offense of masturbating on the rec yard to which he was denied the right to make a statement and appear in D/R court. And Darrell Jenkins #P30912 was denied the right to make a statement also.

On July 3, 2013, Plaintiff Adderly was standing at cell front prepared for recreation. Defendant Clemons came up stairs and stated to Plaintiff Adderly "Spread your asshole and you can go to rec." When Plaintiff Adderly refused, the Defendant Clemons stated "Well you won't be going to yard." Defendant Clemons stated to Plaintiff Adderly "He was justified cause Plaintiff Adderly's rec was taken by I.C.T (Institutional Classification Team). He only was going to let Plaintiff Adderly go to rec if he spreaded his asshole." Darrell Jenkins #P30912 witnessed Defendant Clemons action(s) [see Exibit F as support of Plaintiff's claim].

The same morning of July 3, 2013, Plaintiff Adderly declared a psychological mental health emergency. Senior Psychologist Mental Health Clinician L.A. Messina and Luetinent Sandlin responsed. Plaintiff Adderly told Defendant L.A. Messina that he had been sexually harrassed by Defendant Clemsons who told the Plaintiff if he spreaded his asshole, he could go to rec. Plaintiff Adderly asked Defendant to write

an incident report regarding sexual harrassment. Defendant Messina asured Plaintiff Adderly she would as soon as she got back to her office.

On July 3, 2013, Plaintiff Adderly used the prisoner grievance procedure available at Union Correctional Institution to try and solve the problem. Plaintiff Adderly presented the facts relating to this compliant [see Exibit H as support of Plaintiff's claim].

On July 5, 2013, Plaintiff Adderly was sent a response saying Plaintiff's complaint was reffered to Office of the Inspector General for appropiate action. [see Exibit I as support of Plaintiff's claim].

On July 7, 2013, Plaintiff Adderly used the informal grievance procedure available at Union Correctional Institution asking if his recreational privileges were suspended as stated by Defendant Clemons.

On July 10, 2013 Plaintiff Adderly was sent a response saying that the Plaintiff's rec was not suspended. [see Exibit G as support of Plaintiff's claim].

On July 8, 2013 Plaintiff Adderly was on a mental health callout with mental health Clinician Licensed Psychologist Dr. Holstrom that was conducted in Defendant L.A. Messina's office located in U-dorm. Defendant Messina was present. Plaintiff Adderly asked defendant Messina did she file the incident report regarding sexual harrassment on July 3, 2013. Defendant stated she hadn't, but Luetinent Sandlin had. Plaintiff Adderly told Defendant Messina that she asured him that she'd write the incident report as soon as she got back to her office on July 3, 2013. Defendant Messina's reply was "OK i'll do it today" (July 8, 2013) five days later. Defendant Messina winked her eye. Plaintiff Adderly turned to see what

Defendant Messina winked at to see Defendant Clemons standing outside Defendant's Messina's office door looking in. Plaintiff Adderly advised Defendant Messina that he seen her wink her eye at Defendant Clemons and that defendant Clemons told Plaintiff Adderly he runs U-dorm and will have mental health discharge or transfer the Plaintiff before he goes anywhere. Plaintiff Adderly also advised Defendant Messina that she was trying to cover up for the defendant Clemons, to which Defendant Messina reply with a sly look was "Don't be silly." Plaintiff Adderly then advised Dr. Holstrom of the sexual harrassment on July 3, 2013 involving Defendant Clemons and asked her to file an incident report regarding the matter and to make sure that there was a copy of the incident report in the Plaintiff's mental health file and to make sure she note that NO incident report was filed by Defendant Messina on July 3, 2013 when the Plaintiff reported sexual harrassment by Defendant Clemons.

Later That same day (July 8, 2013), Defendant Clemons called the Plaintiff to be escorted out of the mental health group room located in U-dorm Quad 3, back to his cell U3212. Plaintiff Adderly asked Defendant Clemons not to touch him due to Defendant Clemons sexually harrassing him. Defendant Clemons grabbed Plaintiff by his left arm and stated "Come on dumbass" with a slight yank causing Plaintiff Adderly to trip and fall. On the way down Defendant Clemons gave Plaintiff Adderly a slight push. Plaintiff Adderly hands were cuffed behind his back with a black box and a waist

chain, his legs were in leg restraints. He then ordered several officers who were also escorting inmates back from mental health group to their cells, to pick Plaintiff Adderly up off the ground without a use of force camera present to record the Plaintiff being removed from the ground. Plaintiff Adderly was picked up off the ground by two officers and dragged out of Quad 3 of Uniform Dorm to the holding cells where Defendant Holstrom ordered Plaintiff Adderly to be injected with 200mg's of vistorell in the left and right side of his buttocks on a fraudelent claim Plaintiff Adderly was amped. Plaintiff Adderly substained no cuts, bruises, swellings, or scratches from Defendant Clemons excessive use of force. [See Exibit J as support of Plaintiff's claim]

On July 9, 2013, Plaintiff Adderly used the prisoner grievance procedure availabe at Union Correctional Institution to try and solve the problem. Plaintiff Adderly presented the facts relating to this complaint [See Exibit J, as support of Plaintiff's claim].

Darrell Jenkins # P30912 witnessed Defendant Clemons actions [see Exibit K as support of Plaintiff's claim].

On July 10, 2013, Plaintiff Adderly used the prisoner informal grievance precedure available at Union Correctional Institution to try and solve the problem regarding Defendant Messina failing to write an incident report of sexual harrassment by Defendant Clemons when Plaintiff Adderly reported it first to her on July 3, 2013 and Defendant Holstrom ordering Plaintiff Adderly to be injected with 200mg's of vistorell as a retaliation cover up.

On July 12, 2013, Plaintiff Adderly was interviewed by the inspector for the facts relating to this complaint.

On July 15, 2013, Plaintiff was sent a response by Defendant to whom the informal grievance was <u>not</u> addressed to regarding her failing to write sexual harrassment incident report on July 3, 2013 and the Plaintiff being shot with injection, saying an incident report was filed on Plaintiff Adderly's allegations, but failed to say rather she filed the report July 3, 2013 as asured she would and answer the Plaintiff's other claims mentioned in the informal grievance [see Exibit L as support of Plaintiff's claim]

Also on July 15, 2013, Plaintiff Adderly was sent a response regarding excessive use of force by Defendant Clemons, saying Plaintiff Adderly's complaint had been reffered to the Office of the Inspector General for appropiate action [see Exibit M.]

On July 12, 2013, Plaintiff Adderly was delivered a retaliation disciplinary report by Defendant Clemons stated Plaintiff Adderly intentionally fell to the floor and he gave the Plaintiff order to stand up, but Plaintiff did not comply. Plaintiff Adderly was transfered to Suwannee Correctional Institution were he was not afforded the right to appear at D/R court and denied the right to appeal [see Exibit N for D/R (disciplinary report)]

Note: Plaintiff Adderly was cuffed behind his back with a black box, waist chain, and leg restraints so he couldn't get up

Also note: Plaintiff Adderly's appeal to D/R and inquires were <u>never</u> returned to him.

On July 16, 2013, Plaintiff Adderly used the prisoner grievance procedure available at Union Correctional Instution to appeal the response of Warden Diane Andrews to the secretary of the Florida Department of Corrections to try and solve the problem [see Exibit O],

On July 31, 2013, Plaintiff Adderly appeal to the secretary of the Florida Department Of Corrections regarding the response of Warden Diane Andrews, was returned without action [see Exibit P].

On July 17, 2013, Plaintiff signed up for mental health group. Defendant Clemons pulled inmate JiJuan Hagan # 119731 who didn't sign up for group to attend mental Health group. Inmate Hagan was housed in 3210 of Uniform Dorm a cell over from Plaintiff Adderly. During group inmate Hagan asked Plaintiff Adderly, did he write his dawg (slang for friend) up for sexual harrassment? When Plaintiff Adderly told inmate Hagan to mine his business, inmate Hagan charged Plaintiff Adderly knocking him to the ground, where he and several inmates began kicking Plaintiff Adderly repeatly in the head, stomach, and back area. Inmate Toric Yearby # 693658 was one of the inmates kicking Plaintiff Adderly. Plaintiff Adderly was then placed in a holding cell where Defendant Clemons walked by smiling.

Later the same day on July 17, 2013, Plaintiff Adderly was discharged from T.C.U. (Transitional Care Unit) in U-dorm as retaliation for filing an informal grievance on Defendant Messina who neglected to file an incident report on July 3, 2013 for sexual harrassment by Defendant Clemons. Plaintiff Adderly was attacked by inmates JiJuan Hagan # 119731 and Toric Yearby # 693658 along with several other inmates in retaliation by Defendant Clemons.

On July 18, 2013 while housed in Oscar Dorm, Plaintiff Adderly used the prisoner informal grievance procedure available at Union Correctional Institution to try and solve the problem. He recieved no response regarding the facts he presented relating to this complaint [see Exibit Q copy of statement of facts attached],

On July 22, 2013, Plaintiff Adderly was served a disciplinary report as retaliation for fighting. Plaintiff Adderly was housed in Oscar Dorm cell #16 on the bottom Quad of 2 when D/R was delivered, [see Exibit Q copy of D/R is attached].

On August 13, 2013, Plaintiff Adderly recieved a disciplinary Report Hearing Information sheet saying he refused to appear at hearing and was found guilty, Plaintiff Adderly was never afford the opportunity to appear at hearing. Plaintiff Adderly appealed but never recieved a response [see Exibit Q, copy of team findings is attached]

On July 22, 2013, Plaintiff Adderly used the prisoner grievance procedure available at Union Correctional Institution to appeal Warden Diane Andrews response to the secretary of the Florida Department of Corrections to try and solve the problem, Plaintiff Adderly presented the facts relating to this complaint, Plaintiff Adderly was sent appeal back with no response attached [see Exibit R as support of Plaintiff's claim].

On July 18, 2013, Plaintiff Adderly used the prisoner grievance procedure available at Union Correctional Institution to try and solve the problem regard Defendant Messina failing to report sexual harrassment by Defendant Clemons on July 3, 2013 and Defendant Holstrom ordering Plaintiff Adderly to be injected with 200mg's of vistorell as a retaliation cover up.

On July 24, 2013, Plaintiff was sent a response saying that the grievance had been denied, but failed to say rather Defendant Messina wrote that incident report on July 3, 2013 when reported, rather grievance response says an incident report was written on your allegations from 7-3-12 and 7-8-13.

On July 24, 2013, Plaintiff Adderly was transfered

from Union Correctional Institution to Suwannee Correctional Institution in retaliation from Plaintiff filing grievances at Union Correctional Institution, presenting the facts relating to this complaint.

On August 13, 2013, Plaintiff Adderly used the prisoner grievance procedure available at Suwannee Correctional Institution to appeal Warden Diane Andrews response to the secretary of the Florida Department of Corrections regarding retaliation by Defendant Clemons on July 17, 2013, for Plaintiff Adderly reporting sexual harassment by Defendant Clemons [ See Exibit U ]

On August 30, 2013, Plaintiff Adderly's grievance was returned without action [ See Exibit V ]. Plaintiff Adderly did in fact file a formal grievance regarding the informal grievance that was never answered. Plaintiff's formal grievance was never responded to.

After interview 7-12-13 Plaintiff Adderly has never seen or heard from the inspector regarding this complaint. Plaintiff has submitted request forms to inspector since his interview of Plaintiff July 12, 2013. Plaintiff Adderly has even used the grievance procedure available both at Union Correctional Institution and Suwannee Correctional Institution. He recieved no response.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

A preliminary and permanet injunction ordering defendants Clemons, Messina, and Holstrom to cease their physical abuse, violations of Plaintiff Adderly's rights. Plaintiff seeks compensatory & punitive damages of $50,000.00 against Defendant Clemons, $45,000.00 against Defendant Holstrom and $25,000.00 against Defendant Messina. Plaintiff also seek a jury trial on all issues triable by jury. Plaintiff also seek recovery of his cost in this suit, waive cost of housing in Department of Corrections, and any additional relief this court deems just, proper, and equitable.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this __8th__ day of __November__, 20__13__.

Terrance Adderly #H06851
Suwannee Correctional Institution
5964 U.S. Hwy 90
Live Oak, FL 32060
(Signatures of all Plaintiffs)